Tony BEST, et al., Appellants,

v.

Sharon Pratt KELLY, Mayor,
et al., Appellees.

Nos. 93–7126, 93–7159.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 14, 1994.

As Amended Oct. 26, 1994.

Kemi Morten and Brian Lederer, Washington, DC, were on the briefs, for appellants.

Vanessa Ruiz, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Karen L. McDonald, Asst. Corp. Counsel, Office of the Corp. Counsel, Washington, DC, were on the brief, for appellees.

Before WALD, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Eighty-four present and former prisoners at Lorton Correctional Institution sued the Mayor of the District of Columbia and the Director of the city's Department of Corrections under 42 U.S.C. § 1983, claiming that these officials violated their constitutional rights by terminating one drug treatment program—"Unfoldment"—and awarding a contract for another program to a new contractor, who had submitted the lowest bid.[1] They alleged a constitutionally-protected "liberty interest" in completing their "Unfoldment" program, an interest taken from them without due process. *Best v. Kelly,* Nos. 93–7126, *et al.* The district court dismissed the prisoners' original and amended complaints without prejudice.[2] The court cited not only FED.R.CIV.P. 12(b)(1), which authorizes dismissal for "lack of jurisdiction over the subject matter," but also the "reasons set forth upon the record in open court at the status conference." At the status conference, the district court had indicated that plaintiffs were not "real part[ies] in interest," an apparent reference to FED. R.CIV.P. 17(a).

The genesis of "Unfoldment," and of the present case, is a 1980 class action challenging conditions at the Lorton prison. The case ended with a consent decree establishing, among other things, population ceilings for the facility. In 1987, the district court held the city in contempt for violating this provision and imposed fines, later upheld by this court. *Twelve John Does v. District of Columbia,* 855 F.2d 874 (D.C.Cir.1988). The parties agreed that the amount collected in fines would be used to improve conditions at Lorton. One of the funded improvements was a drug rehabilitation program. Unfoldment, Inc., a private organization, ran the program from October 1989 to September 1990, receiving $695,000 of the money paid as fines. Thereafter the city entered into contracts with Unfoldment, extending to December 1992, at which time the District decided to award a new contract to another entity, which had entered a successful bid to provide

drug rehabilitation services at the prison. The Unfoldment program terminated at the end of January 1993.

Plaintiffs alleged that they had constitutionally protected liberty interests in the Unfoldment program as it was run before the change, and in certain benefits (such as favorable treatment from the parole board, a grant of "good time" credit, and the drug treatment itself) flowing from the program. They claimed that those interests were taken from them without due process; that they received no notice; that the procurement process was illegal, particularly because it failed to provide them with an "exact match" between the old program and the new one; and that prison officials violated the equal protection component of the due process clause by eliminating some Unfoldment participants from the new program and otherwise "discriminating against" Unfoldment participants. They sought compensatory and punitive damages, and declaratory and injunctive relief of an unspecified nature.

 Rule 17(a) does not support the district court's order. The "real party in interest" "is the party who, by the substantive law, possesses the right to be enforced, and not necessarily the person who will ultimately benefit from the recovery." CHARLES A. WRIGHT, LAW OF FEDERAL COURTS 490 (1994). So viewed, Rule 17(a) may appear largely unnecessary. Application of substantive law would ordinarily suffice to weed out complaints only someone else could have brought. As Professor Wright points out, for this reason the need for Rule 17(a) has been questioned. *Id.* But there is no question that so long as a party, "by the substantive law, has the right sought to be enforced," Rule 17(a) is satisfied. *Joyner v. F & B Enterprises,* 448 F.2d 1185, 1186 (D.C.Cir.1971). Here the district court was doubtless correct that Unfoldment, Inc., is vitally interested in this case. Rule 17(a) does not, however, authorize treating the case as if it were entirely a contract dispute between Unfoldment and the District, as the

---

1. The court has determined, *sua sponte,* to decide this appeal without oral argument. *See* D.C.Cir. Rule 34(j).

2. At the time, plaintiffs' motion for leave to file the amended complaint was pending.

court apparently did (Transcript of Hearing at 2–3, No. 93cv00205 (D.D.C. June 25, 1993)). Both the complaint and the amended complaint alleged violations of plaintiffs' constitutional rights, not Unfoldment's. That is enough to render plaintiffs real parties in interest. If the substantive law stands against these allegations, if it appears from the face of the complaint that the inmates do not have the rights asserted, Rule 12(b)(6) may be invoked. Dismissal then would properly be on the merits rather than on the ground that the wrong party was prosecuting the action.

The court's other reason for dismissing the complaints—lack of jurisdiction, FED.R.CIV.P. 12(b)(1)—presents a more complicated picture. Plaintiffs raised federal constitutional questions. The substantive statute they invoked, 42 U.S.C. § 1983, has a jurisdictional counterpart: 28 U.S.C. § 1343(a)(3), giving district courts original jurisdiction over civil actions to "redress the deprivation, under color of any State law, ... any right, privilege or immunity secured by the Constitution of the United States...." Under 28 U.S.C. § 1343(b)(1), the District of Columbia is considered a state. The defendants were therefore state officers and the prisoners were seeking to vindicate their alleged constitutional rights. How then could the district court conclude that jurisdiction was lacking?

■ One answer, but only a partial one, derives from the portion of the complaint in which plaintiffs contested the loss of good time credits they would have received under the Unfoldment program. To this extent, their complaint must be viewed as a challenge to the duration of their sentences. *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), so holds. *See also Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Preiser* and *Heck*, state prisoners have no cause of action under 42 U.S.C. § 1983, and the federal courts therefore have no jurisdiction under 28 U.S.C. § 1343, with respect to claims of unconstitutional deprivations of good time credits. Such complaints may properly be dismissed for lack of jurisdiction under Rule 12(b)(1), rather than on the merits. As the Supreme Court acknowledged, the prisoners might still be able to pursue the same claims in habeas corpus actions. *Preiser*, 411 U.S. at 498–500, 93 S.Ct. at 1840–41.

The district court's Rule 12(b)(1) dismissal was not, however, confined to the portion of the complaints dealing with good time credits. As to the other constitutional claims, we assume the district court dismissed these on the ground that jurisdiction is lacking when the complaint is "patently insubstantial," presenting no federal question suitable for decision. *See Neitzke v. Williams*, 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 1832 n. 6, 104 L.Ed.2d 338 (1989); *Hagans v. Lavine*, 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1973). This sometimes-criticized doctrine, *see Rosado v. Wyman*, 397 U.S. 397, 404, 90 S.Ct. 1207, 1213, 25 L.Ed.2d 442 (1970), demands that the claims be flimsier than "doubtful or questionable"—they must be "essentially fictitious." *Hagans*, 415 U.S. at 536–37, 94 S.Ct. at 1378–79 (citing *Goosby v. Osser*, 409 U.S. 512, 518, 93 S.Ct. 854, 858, 35 L.Ed.2d 36 (1973)) (internal quotations omitted); *see also Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Whatever may be said of plaintiffs' other claims, they are not "essentially fictitious." Plaintiffs have not suggested any bizarre conspiracy theories, any fantastic government manipulations of their will or mind, any sort of supernatural intervention.[3] Theirs

---

3. Contrast the following allegation, quoted verbatim from a complaint dismissed as frivolous:

 Years ago a Secret Branch of the Federal Government Put me under. This Branch of the Government, took my Face off of my Head, went into my Scull & Put a Computer Chip of some kind & a Camera System which makes me Project Images or Pitchers, many Feet in Front of me. This was done to me without my Written Permission or any kind of Signature.

 This was and is an Atrocity. This Atrocity that was committed against me, has caused Massive Interrogation & Cruel & Unusual Punishment Against me. The Atrocity that was committed against me is in all actuality Cruel & Unusual Punishment. I feel that the Government should be responsible for the Atrocity committed Against me.

 *Wilson v. United States Federal Government*, Civ. Action No. 92–2159 (D.D.C.1992).

are not clearly fanciful claims, claims "'so attenuated and unsubstantial as to be absolutely devoid of merit,'" *Hagans*, 415 U.S. at 536, 94 S.Ct. at 1378 (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904)), that dismissal for lack of jurisdiction under Rule 12(b)(1) is warranted.

■ Complaints may also be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever "the plaintiff cannot possibly win relief." *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C.Cir. 1990) (per curiam).[4] If the district court viewed the remaining portion of plaintiffs' complaint as legally frivolous, a subject about which we express no view, the proper course would have been to grant the defendants' Rule 12(b)(6) motion.[5] The choice of rule has consequences. Dismissals under Rule 12(b)(1) are not adjudications on the merits; dismissals under Rule 12(b)(6) are, unless the court specifically states otherwise. *See* FED. R.CIV.P. 41(b).

The order of the district court is affirmed insofar as it dismissed for lack of jurisdiction plaintiffs' claims regarding good time credits. The order is reversed insofar as it applies to the rest of the complaints, and the case is remanded for further proceedings.

---

**4.** In cases filed *in forma pauperis,* 28 U.S.C. § 1915(d) authorizes district courts to dismiss *sua sponte* complaints presenting "indisputably meritless legal theor[ies]." *Neitzke v. Williams,* 490 U.S. at 327, 109 S.Ct. at 1832.

**5.** Rule 12(b)(6) dismissals cull *legally* deficient complaints. *See Neitzke v. Williams,* 490 U.S. at 327, 109 S.Ct. at 1832. The Rule 12(b)(1) "substantiality" doctrine is, as a general matter, reserved for complaints resting on truly fanciful *factual* allegations. *Id.*