110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David W. CARNEY, Petitioner-Appellant,
v.
Don SUNDQUIST; Charles Burson; Donald Campbell,
Respondents-Appellees.
 No. 96-5320.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 David W. Carney, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his hybrid action stating claims for habeas corpus relief under 28 U.S.C. § 2254, and for violations of civil rights under 42 U.S.C. § 1983. Carney's reply brief contains requests for oral argument and the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Carney is an inmate within the Tennessee Department of Corrections (TDOC). He sued the governor and attorney general of the State of Tennessee, and the commissioner of the TDOC for allegedly violating his rights under the First, Eighth, and Fourteenth Amendments, and the Ex Post Facto Clause. Carney did not specify the capacity in which he was suing the defendants.
 
 
 3
 Carney claimed that the defendants have held him in prison longer than allowed by state statutes mandating the reduction of his sentence through the application of sentence reduction credits. He further alleged that he has been denied meaningful access to the courts because state courts have refused to address his claim regarding sentence reduction credits on the merits in similar actions. He also contended that the alleged misapplication of sentence reduction credits statutes violates his constitutional rights of access to the courts, due process, equal protection, ex post facto law protection, and protection from punishment that violates the Eighth Amendment. He sought injunctive and monetary relief.
 
 
 4
 The district court dismissed the habeas portion of the hybrid action on the ground that Carney had failed to exhaust available state court remedies. It dismissed the § 1983 portion of the action on the merits. Reconsideration was denied in an order entered February 29, 1996. Carney filed a notice of appeal on March 4, 1996. The court denied Carney's motion for a certificate of probable cause in an order entered April 9, 1996. His application to this court for a certificate of probable cause was likewise denied. Carney paid the filing fee, allowing the civil rights issues to proceed on appeal.
 
 
 5
 Initially, we note that Carney does not raise his First Amendment, Eighth Amendment, equal protection, or ex post facto claims on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Upon review, we affirm the district court's order, although, in part, for a reason other than those relied upon by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). We conclude that this case is appropriately characterized as a hybrid habeas corpus/civil rights action and that the district court improperly considered the merits of Carney's civil rights claim before the habeas corpus issue had been resolved.
 
 
 7
 The Supreme Court has determined that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, ----, 114 S.Ct. 2364, 2369 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)); Best v. Kelly, 39 F.3d 328, 330 (D.C.Cir.1994). Under these circumstances, Carney's claim for injunctive relief, i.e., the application of sentence reduction credits to his sentence, is only cognizable under § 2254. See Preiser, 411 U.S. at 488-90.
 
 
 8
 Nor may the district court consider the merits of Carney's civil rights action for damages at this time. Carney's due process claim which, if successful, would render his continued confinement invalid, it is not cognizable until the challenged confinement has been remedied by some other process. See Heck, 114 S.Ct. at 2373.
 
 
 9
 Accordingly, the requests for oral argument and for counsel are denied, and the district court's order is affirmed insofar as it dismisses the § 1983 portion of this action, but for the reason that it is not cognizable until the habeas corpus issue has been resolved. Rule 9(b)(3), Rules of the Sixth Circuit.