UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 1 6 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Wayne E. Jackson,                          )
                                           )
        Plaintiff,                 )
                                           )
v.                                         )      Civil Action No.   **09 0101**
                                           )
United States of America,                  )
                                           )
        Defendant.                 )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the complaint as it is required to do if it determines that a prisoner action is frivolous. 28 U.S.C. § 1915A(b).

Plaintiff, a prisoner at the United States Penitentiary Lee in Jonesville, Virginia, sues the United States under the Trading with the Enemy Act, 50 App. U.S.C. § 1 *et seq.*, for "the return of any and all negotiable instruments forwarded to agents of the United States of America and transferred to the Alien Property Custodian and/or deposited in the Treasury of the United States of America." Compl. at 5. Plaintiff also seeks to discharge alleged debts "on record with the United States District Court for the District of Maryland (Northern Division)" that he claims were satisfied by "Third Party Interpleader, Wayne Earl Jackson-El[,] [who] has submitted several payments to 'discharge'" the debt. *Id.* Plaintiff has stated no cognizable claim under the Trading with the Enemy Act, which governs, *inter alia*, claims to property seized "from [a foreign] enemy or ally of [said] enemy," 50 App. U.S.C. § 9(a), and the claim arising from proceedings in the District of Maryland should be pursued in that court.

Complaints that describe fantastic or delusional scenarios are subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Moreover, a complaint may be dismissed as frivolous when it lacks "an arguable basis in law and fact," *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir.1984), or is based on "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325. This complaint qualifies for such treatment and, thus, is dismissed. A separate Order of accompanies this Memorandum Opinion.

United States District Judge

Date: December **31** , 2008

2