UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Derian Douglas Hickman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.   **10 1006** |
| | ) |
| Bank of America et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The plaintiff, Derian Douglas Hickman, filed a pro se complaint and application to proceed without prepayment of fees. Hickman's application to proceed without prepayment of fees will be granted, the complaint will be dismissed as frivolous, and the plaintiff will be directed to show cause in writing why he should not be prospectively barred from filing without prepayment of fees.

Hickman, known to this court from prior frivolous and otherwise defective filings, has filed the instant complaint against Bank of America, J.P. Morgan Chase Bank, and Wells Fargo Bank, alleging as follows:

> Requesting return of previous account holdings money and any safe deposit box contents[.] Also over 1000 dollars in overdraft charges from J.P. Morgan Chase. And documents involving previous business revenue. At close to 1,000,000 stolen from my Bank of America account card. Requesting trial by jury[.] Asking for documents and amount due.

Compl. at 1.

Such a complaint not only fails to meet the minimum requirements of Rule 8(a) of the Federal Rules of Civil Procedure, but also appears to be based on fantastic and delusional

premises. Complaints describing fantastic or delusional scenarios are subject to immediate dismissal as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Accordingly, this complaint will be dismissed with prejudice.

Including this one, the plaintiff has filed 17 complaints since February of 2009, each of which warranted immediate dismissal, either because it did not meet the minimum requirements of Rule 8 or because it was frivolous. This pattern of filing results in an unwarranted consumption of judicial resources. The plaintiff was warned previously that if he persisted in filing frivolous or otherwise defective complaints, the Court could limit or deny his ability to proceed without prepayment of fees. *See* Slip. op., *Derian Douglas Hickman v. Derian Douglas Hicman Archives et al.,* Civil Action No. 10-12, at 2 (D.D.C. Jan. 6, 2010). Accordingly, the plaintiff will be required to show cause in writing why he should not be barred prospectively from filing without prepayment of the filing fee.

A separate, related order accompanies this memorandum opinion.

Date: June 4, 2010

United States District Judge

- 2 -