UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 2 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Judy Harrison,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )    Civil Action No.    **10 1605**
                                        )
Central Intelligence Agency *et al.*,   )
                                        )
              Defendants.               )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is a resident of Rockford, Illinois. She accuses the Central Intelligence Agency and the Federal Bureau of Investigation of "abuse and harassment as defined" by Illinois law and the "Civil Right Act 1964." Compl. at 1. Plaintiff claims that the defendants committed sundry misdeeds against her and her children from 1994 to the present, amounting to "physical and physiological harassment/abuse." *Id.* at 2. She alleges, among other misconduct, that "[t]he agencies have created permanent memory loss . . . and refuse to speak to [her] out of court in a reasonable manner" and that "her living space is used by Agents." *Id.* She also accuses defendants of "Cyberstalking." *Id.* at 5 (page number supplied). Plaintiff seeks a broad restraining order and $2 million in monetary damages. *See id.* at 1-2.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2) as frivolous when "there is indisputably absent any factual and legal basis for the asserted wrong," *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984), or when it describes fantastic or delusional scenarios or contains "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); accord *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). This complaint qualifies for such treatment. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: September 15, 2010