UNITED STATES DISTRICT COURT

**FILED**

NOV - 8 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Stephen P. Wallace, )
)
Plaintiff, )
)
v. )     Civil Action No.     10 1920
)
Tom Coburn *et al.*, )
)
Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff, a Tulsa, Oklahoma, resident and self-described "Private Attorney General," has submitted a "Complaint for Convening a Special Grand Jury & Forensic Audit Under Freedom of Information Act." Title 18 of the United States Code requires a "grand jury impaneled [pursuant to 18 U.S.C. § 3331] within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district." 18 U.S.C. § 3332(a). "Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence." *Id.*

3

Plaintiff accuses Senators Tom Coburn and James Inhofe, Congressman Henry C. Johnson, United States District Judge Gregory Frizzell of the Northern District of Oklahoma, and Robert L. Walker, former Staff Counsel and Chief Counsel of the Senate and House ethics committees, of committing "ultra vires civil/criminal acts" in Washington, D.C. Compl. at 2; *see* case caption (listing defendants' addresses) & attachments. He also invokes the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*. As a remedy, plaintiff seeks an order "enjoining any Party from arresting, harassing, intimidating or attempting to murder PRIVATE ATTORNEY GENERAL during the pendency of the current on-going Grand Jury Investigation of Ensign,Coburn, *et al.*, . . . ." *Id*. at 3 (capitalization in original).

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2) as frivolous when "there is indisputably absent any factual and legal basis for the asserted wrong," *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984), or when it describes fantastic or delusional scenarios or contains "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); accord *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). This complaint qualifies for such treatment. A separate Order of dismissal accompanies this Memorandum Opinion.

Rosemary M. Collyer

United States District Judge

Date: November 5 , 2010

2