UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QINGSHENG ZHOU,

      Plaintiff,

          v.

THE UNITED SUPREME COURT
JUDGE WHO REPRESENTED ME IN
THE INTERNATIONAL COURT,

      Defendant.

Civil Action No. 12-552 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Qingsheng Zhou has filed a three-page Complaint that makes no sense whatsoever. Plaintiff first alleges that he – the Court assumes Plaintiff is male – wants "the judges in the America National Super Court [to] protect my life." Compl. at 1. He then alleges that the Supreme Court "sent a team to the International Court . . . [and] used my name, my images, my voice and . . . won the case." Id. "The United States Supreme Court judge took my American national reward money." Id. at 2. These legal references then degenerate into claims that "mind-readers harass me day and night . . . [and] shoot me from the apartment that is underneath my apartment." Id. This shooting leads to all types of pain. Id. Finally, there are allegations about stolen bank statements, damage to Plaintiff's house, and poison in his food. Id. at 3. He seeks as relief "two hundred millions plus witness protection for thirty years." Id.

"Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citations and

internal quotations omitted); see also Best v. Kelly, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (may

dismiss claims that are "essentially fictitious" – for example, where they suggest "bizarre

conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations

and internal quotation marks omitted).  This is precisely what the Complaint alleges here.

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent

standards than those applied to formal pleadings drafted by lawyers.  See Haines v. Kerner, 404

U.S. 519, 520 (1972).  Having reviewed Plaintiff's Complaint, the Court concludes that the

factual contentions that are identifiable are baseless and wholly incredible.  For this reason, the

Complaint is frivolous and must be dismissed.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 11, 2012