UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mary Jo Weidrick,  )
  )
         Plaintiff,  )
  )
       v.  )  Civil Action No.  **12 0944**
  )
President Barack Obama, *et al.*  )
  )
  )
         Defendants.  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff, a resident of Sarasota, Florida, sues the current and former presidents and vice presidents of the United States and a host of other high-level political figures and executives of various broadcasting companies. She alleges that "[t]he Defendants have tortured and terrorized the Plaintiff 24/7 since October 31, 1989." Compl. at 2. The complaint's allegations decline from that first sentence. Plaintiff alleges, for example, that defendants "have raped [her] with mind-reading equipment," have CIA agents stalking her, and have used "police sirens and the local train whistle to reinforce [her] thoughts of their death threats . . . in real time." *Id.* at 2-3.

Plaintiff's outlandish accusations are the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Furthermore, the allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter



jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009). Hence, the complaint will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: June ____, 2012