**FILED**

OCT - 4 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Audrey Carter,                     )
                                   )
            Plaintiff,             )
                                   )
     v.                            )     Civil Action No.    **12 1648**
                                   )
Mitt Romney *et al.*               )
                                   )
                                   )
            Defendants.            )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff, a resident of Charlotte, North Carolina, purports to sue President Barack Obama, presidential candidate Mitt Romney, and the "Mormons of U.S.A.," for alleged crimes committed in New Jersey, North Carolina, and the District of Columbia. Compl. at 1. She alleges, among other behavior, that "[t]he defendant [] violated the marriage laws within the United States and the Constitution" and that the "government discriminated against us by allowing Mormon practices within the states . . . ." *Id.* Plaintiff faults President Obama for failing to address such issues in his campaign for re-election. *Id.* She demands $100 million in monetary damages.

Plaintiff's outlandish accusations are the type of fantastic or delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325

1

(1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Furthermore, the allegations "constitute the sort of patently insubstantial claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009). Hence, the complaint will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: September 27th, 2012

2