UNITED STATES DISTRICT COURT

**FILED**

FEB - 5 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Angela Marie Herring,      )
                         )
       Plaintiff,      )
                         )
       v.             )   Civil Action No.
                         )
Eric Holder *et al.*,     )
                         )
                         )   **13 0160**
       Defendants.    )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is a District of Columbia resident suing United States Attorney General Eric Holder, Jr., and United States Attorney for the District of Columbia Ronald Machen for $6 billion. Plaintiff also seeks defendants' "immediate and effective incarceration" for "aggravated sexual abuse," in violation of 18 U.S.C. § 2241, and their "immediate and effective disbarrment [sic]." Compl. at 5. Plaintiff alleges that "[o]n the nights of May 25, June 8, June 11, June 17, June 23, 2012, I was sexually assaulted at the DC Freddie House in the presence of Edna Holder and/or Takeera Holder." *Id.* at 1. Plaintiff accuses Attorney General Holder of "perform[ing] sexual acts on me . . .," and alleges that she "was rendered incapacitated by his wife Doctor Sharon Malone, of Foxhall OBGYN." *Id.* Regarding U.S. Attorney Machen, plaintiff alleges that on the night of June 23, 2012, he "entered the safe house with a weapon and with my former

1

fiancée Kirk Dawson Freeman, who was held at gun point outside the property . . . . Mr. Freeman was forced into the home, told that he would perform a sexual act on me for Ronald Machen, so that [Machen] could learn how to be with me." *Id.* at 2. The complaint continues in this bizarre vein.

The complaint presents the very type of fantastic or delusional scenarios warranting dismissal of the case under § 1915(e) as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994); *see Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: January **31**, 2013