**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Angela Marie Herring,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 13-0027 (JDB)** |
| **V Street Freddie House** *et al.***,** | |
| **Defendants.** | |

**MEMORANDUM OPINION**

The federal defendants, United States Attorney General Eric H. Holder, Jr., and United States Attorney Ronald Machen, removed this civil action from the Superior Court of the District of Columbia and now move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 11]. Also pending are the separate motions to dismiss brought on behalf of Defendants Sharon Malone, M.D., and Foxhall OB/GYN Associates, P.C. [Dkt. # 6], and Andrea Sledd [Dkt. # 8]. By separate orders issued on January 28, 2013, plaintiff was advised to respond by February 22, 2013, to Dr. Malone and Foxhall Associates' motion to dismiss, and by February 25, 2013, to Andrea Sledd's motion to dismiss. Plaintiff did not comply with the foregoing orders and, hence, has conceded defendants' well-reasoned arguments for dismissal.

By Order of February 15, 2013, plaintiff was advised to respond by March 14, 2013, to the federal defendants' motion to dismiss. Plaintiff has responded with a document captioned: Plaintiff's Motion to Cease and Desist and Motion for Summary Judgment [Dkt. # 13], which the Court considers also as her opposition to the federal defendants' motion. A review of the

complaint and plaintiff's motion reveals that this action is so frivolous as to deprive the Court of subject matter jurisdiction. The complaint alleges in its entirety:

> In violation of DC 22-3002, First Degree Sexual Abuse, Edna Holder a/k/a Edna Washington allowed persons on the property of 302 V St NE in breach of contract on the nights of 5/25/12; 6/8/12; 6/11/12; 6/17/12 & 6/23/12, wherein I was sexually assaulted while drugged by persons including, but not limited to: John Hancock, George Amsterdam, Ronald Machen & Eric Holder. Dr. Malone gave me an involuntary pelvic exam, abortion & tubal ligation. Kirk Freeman was on the property on 6/23/12.

Compl. [Dkt. 1-1], ECF p. 6. Plaintiff expounds on her scurrilous claims in her opposition and even adds the children of Attorney General Holder and his wife, Dr. Malone, as persons who allegedly "involuntarily drugged and raped [plaintiff] repeatedly." Pl.'s Mot. at 2.

"A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). In addition, dismissal on jurisdictional grounds is warranted when the complaint "recit[es] bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind." *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint qualifies for such treatment. Hence, the Court will dismiss the case with prejudice. *See Herring v. Holder*, Civ. Action No. 13-160 (UNA) (D.D.C. Feb. 5, 2013) (dismissing *sua sponte* plaintiff's similarly pled complaint as frivolous). A separate Order accompanies this Memorandum Opinion.

/s
JOHN D. BATES
United States District Judge

Dated: March 15, 2013

2