UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 13 2013

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Xavier Flores, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.    13-693 |
| | ) | |
| United States Congress, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a homeless individual who submitted more than 30 cryptic complaints within the first two weeks of March alone, sues the United States Congress for its "breech [sic] and failure of oath of office . . . ." Compl. at 1. He demands a "re-evaluation of all the members of the U.S. Congress" and their "retraining." *Id.* at 2. The law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable

1

for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). The instant complaint satisfies this standard and, therefore, will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 3rd, 2013

United States District Judge