UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 13 2013

Clerk, U.S. District and
Bankruptcy Courts

Xavier Flores, )
 )
 Plaintiff, )
 )
 v. )  Civil Action No.  13- 692
 )
U.S. Supreme Court *et al.*, )
 )
 Defendants. )
_____ )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application

to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma*

*pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter

jurisdiction is wanting).

Plaintiff, a homeless individual who submitted more than 30 mostly cryptic complaints

within the first two weeks of March alone, sues the United States Supreme Court and the United

States Congress. He states that his "complaint is against the countries that practice unfair trade

practices . . . .," and he sues the United States apparently for failing "to react." Compl. at 1-2.

The law is clear that "federal courts are without power to entertain claims otherwise within their

jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "

*Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*,

193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)

("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,'

1

presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330

(D.C. Cir. 1994). The instant complaint satisfies this standard and, therefore, will be dismissed.

A separate order accompanies this Memorandum Opinion.

Date: May 3rd, 2013

United States District Judge

2