**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NOLAN MCKENZIE, | |
| Plaintiff, | |
| v. | Civil Action No. 13-458 (JEB) |
| UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KANSAS, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Nolan McKenzie has filed a 60-page Complaint that also appends another 77 pages of pleadings from other lawsuits he has previously filed here and in Kansas, where he lives. The suit, which names approximately 45 Defendants – many of them judges and courts in Kansas – makes no sense whatsoever. Plaintiff first alleges that his case "arose from a claim of Federal and State judges fixing the defense attorneys' lawsuits against Plaintiff's unquestionable case winnings." Compl. at ECF p. 9. There are also numerous opaque references to documents being destroyed by a copying center. See, e.g., id. at ECF pp. 25, 30. He "demands judgment damages in excess of $25.8 billion for defendants' damages against Plaintiff's justice, democracy, citizens, U.S. Constitutional rights, to live within a neighborhood adequately and socially collectively moral [*sic*]." Id. at ECF p. 10.

"Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536 (1974)

(citations and internal quotations omitted); see also Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (courts may dismiss claims that are "essentially fictitious" – for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted). This is precisely what the Complaint alleges here.

The Court is mindful that complaints filed by *pro se* litigants are "held to less stringent standards than those applied to formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Having reviewed Plaintiff's Complaint, the Court concludes that the factual contentions that are identifiable are baseless and wholly incredible.

The Court, nonetheless, will permit Plaintiff an opportunity to file an Amended Complaint that, according to the rules, contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff is forewarned that if he fails to do so, the Court will dismiss the case.

The Court, therefore, ORDERS that Plaintiff may file an Amended Complaint on or before June 11, 2013; failure to do so will result in dismissal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 21, 2013

2