UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

UCT 2 4 2013

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Anthony Brodzki, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| United States of America, | ) | |
| | ) | 13-1634 |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff alleges that the Department of Justice ("DOJ") is violating his constitutional rights and "water boarding" him. Compl. at 1. He alleges in the beginning of the complaint that "[t]hey have been involved in injuring my heart, [p]ossibly hemorrhaging brain tissue and a lot more." *Id.* The allegations continue in this manner for two more pages, with plaintiff concluding that he and others were "raped" by DOJ. *Id.* at 3. Plaintiff seeks $1 billion in damages and "an injunction ordering the justice department to [s]hut of [sic] the equipment and stop water boarding and torturing me to a . . . contrived false confession." *Id.*

The law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of

merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). The instant complaint satisfies this standard and, therefore, will be dismissed. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: October 3rd, 2013