## IN RE: PEOPLE OF STATE OF NEW YORK EX REL. Glenn Richard UNGER

### Misc. No. 13–1205 (JEB)

United States District Court, District of Columbia.

October 28, 2013

Glenn Richard Unger, West Chester, PA, pro se.

## MEMORANDUM OPINION

JAMES E. BOASBERG, United States District Judge

*Pro se* Plaintiff Glenn Richard Unger has filed a lengthy pleading that the Court cannot decipher. Plaintiff refers to himself as "glenn richard of the Holy temple in Christ Jesus appearing specially at superior jurisdiction (non-corporate)," and he labels his pleading a "Confession of judgment in lieu of complaint" and an "Accelerated entry of judgment and preservation of judicial records." Pleading at 1. He asks "for entry by the clerk of court of a confessed judgment on the books of the highest court to purge an ongoing state of insurrection and judicial anarchy directed against the supreme court for the fourth judicial district of New York...." *Id.* at 2.

■ "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (citations and internal quotations omitted); *see also Best v. Kelly,* 39 F.3d 328, 330–31 (D.C.Cir.1994) (may dismiss claims that are "essentially fictitious"—for example, where they suggest "bizarre conspiracy theories ... [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted). This is precisely what the Complaint alleges here.

■ The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Having reviewed Plaintiff's submission, the Court concludes that few factual contentions are identifiable and those that are contain no merit on their face. For this reason, the case is frivolous and must be dismissed.