UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Fulton Griffith,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )     Civil Action No.   *13-1915*
                                          )
Daniel Inouye *et al.*                    )
                                          )
            Defendants.                   )

MEMORANDUM OPINION

This matter is before the Court on review of the *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff, a resident of Sarasota, Florida, sues former United States Senator Daniel Inouye, who at the time of his death in December 2012 was President pro tempore of the United States Senate, and "Ms. Page Staff aid Senate pro-temp." Compl. Caption. Plaintiff purports to bring a "Criminal Civil Rights Complaint" based on the defendants' alleged refusal to protect his First Amendment right to redress grievances. Compl. at 1. Plaintiff faults defendants for allegedly refusing his request to have three federal judges investigated. *See id.* He seeks $10,000 in damages and "a civil arrest warrant." *Id.* at 2.

Members of Congress are absolutely immune from lawsuits, such as this one, arising from the performance of their official duties. *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967);

1

*Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1, 9-10 (D.C. Cir. 2006) (citing cases). In addition, the law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' " *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). The instant complaint satisfies this standard. A separate order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: October 29, 2013