**Jacqueline T. ROBINSON–REEDER, Appellant**

v.

**Christine N. KEARNS, Individual (Personal) Official Capacity, Appellee.**

**No. 13–7025.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 30, 2013.

Jacqueline T. Robinson-Reeder, Forestville, MD, pro se.

Christine N. Kearns, Washington, DC, pro se.

BEFORE: HENDERSON, BROWN, and SRINIVASAN, Circuit Judges.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief, supplements, and appendix filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that this case be remanded to the district court for reconsideration of the sua sponte dismissal of appellant's case for lack of subject matter jurisdiction and the denial of her post-judgment motions concerning that dismissal. The district court's rulings seem to rest in part on appellant's purported failure to state a Title VII claim because appellee was a third party and not her employer. However, as appellant suggested below, failure to state a claim and lack of subject matter jurisdiction are generally treated as distinct concepts. *But see Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir.1994) (discussing "sometimes-criticized doctrine" under which "jurisdiction is lacking when the complaint is 'patently insubstantial,' presenting no federal question suitable for decision," but explaining that doctrine "demands that the claims be flimsier than 'doubtful or questionable'— they must be 'essentially fictitious' "). Furthermore, as she asserts on appeal, and despite the district court's suggestion to the contrary, this court has allowed third-party Title VII claims in some circumstances. *See, e.g., Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338 (D.C.Cir.1973) (male private duty nurse's claim against hospital that did not directly employ him, but allegedly interfered with his employment opportunities with hospital patients). Finally, setting aside Title VII, the district court does not seem to have addressed the other potential bases for federal question jurisdiction cited by ap-

pellant below and on appeal, including 42 U.S.C. § 1981.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.