**Richard COLEMAN, Appellant**

v.

**State of NEW HAMPSHIRE, et al., Appellees.**

**No. 14–5075.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 1, 2014.

Richard Coleman, Elizabeth City, NC, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: GRIFFITH and SRINIVASAN, Circuit Judges; GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on appellant's brief. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed February 21, 2014 be affirmed. Contrary to appellant's argument, the judges and court officials he sued are entitled to absolute judicial immunity despite his allegation that they acted "extra-judiciously." *See Mireles v. Waco,* 502 U.S. 9, 12–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority." (internal quotation marks and ellipses omitted)). Moreover, there was nothing improper about the district court's *sua sponte* dismissal, *see* 28 U.S.C. § 1915(e)(2)(B); *Best v. Kelly,* 39 F.3d 328, 331 (D.C.Cir.1994), nor is there any basis for concluding the district court judge acted out of retaliation or favoritism.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.