# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANIS LAVERN DUNBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-00667 (UNA) |
| | ) | |
| | ) | |
| NANCY PELOSI *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*. For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff brings this suit against Congresswoman Nancy Pelosi and Attorney Ben Crump. She identifies Crump as a District of Columbia "corporation." Compl., ECF No. 1 at 1. Plaintiff alleges that at an unspecified time, she contacted Crump by email concerning "Curtis James Jackson," *id*. at 1, an entertainer known professionally as "50 Cent," *id*. at 4. According to Plaintiff, Crump "told" her "to find a lawyer asap," but "then he goes and hangs with my stalker and thief at the State Capitol." *Id*. Plaintiff alleges that she contacted Pelosi and two other individuals not named as defendants "about my stalker," but "they didn't believe a true story book[.]" *Id*. at 3. Plaintiff seeks $100,000,000 from Pelosi and $10,000,000 from Crump, *id*. at 5, for treating her like "a nobody," *id*. at 4.

Although Plaintiff checks the "federal question" box as the basis of jurisdiction, *id* at 3, she does not plausibly plead a claim under "the Constitution [or] laws . . . of the United States," 28 U.S.C. § 1331, and a "complaint may be dismissed on jurisdictional grounds when," as here, it

is " 'patently insubstantial,' presenting no federal question suitable for decision.' " *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). The Court will, accordingly, dismiss the complaint.

A separate order will issue.

_____/s/_____
RANDOLPH D. MOSS
United States District Judge

Date: May 28, 2025