# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JESUS A. WAYNE JR.,       )
                               )
       Plaintiff,        )
                               )
     v.                   )      Civil Action No. 25-02276 (UNA)
                               )
                               )
AFRICAN AMERICAN MALE *et al.*,   )
                               )
       Defendants.     )

## MEMORANDUM OPINION

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application to proceed *in forma pauperis*. For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff, a resident of Washington, D.C., accuses "three [unidentified] male suspects" of "trespassing . . . on Wednesday July 16, 2025," at a residence in the District's southeast quadrant. Compl., ECF No. 1 at 4. Plaintiff seeks "no relief" and writes "no lawsuit." *Id*.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Plaintiff has not pleaded a basis for federal court jurisdiction and facts to "give the defendants fair notice of what the claim is and the grounds upon which it rests[.]" *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (cleaned up). Moreover, federal courts lack power to entertain complaints, as here, that are "'patently insubstantial,' presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Consequently, this case will be dismissed by separate order.

_____/s/_____
JIA M. COBB
United States District Judge

Date: August 13, 2025

2