UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADRIAN DAMICO MOON,

      Plaintiff,

      v.

SATAN, *et al.*,

      Defendants.

No. 25-cv-3988 (TSC)

## OPINION & ORDER

*Pro se* Plaintiff Adrian Damico Moon filed this suit against Satan—a "spiritual being" also known as "Lucifer da fallen Loser"—and Satan's "underlings,"[1] seeking $7 billion in damages, a pardon for himself and "Sean 'Puff Daddy' Combs," and various other relief. Compl. ¶¶ 12, 15, ECF No. 1 (cleaned up). He alleges that Satan and the other Defendants "have come against [him] with evil, vicious, heinous Hamas Domestic Terrorism;" have "conspired to Steal" $1 billion dollars in his "Personal and Real Estate Properties;" and have attempted to "Murder" and "Destroy" him. *Id.* ¶¶ 5, 12. He brings a single count of "Treason" under the Racketeer Influenced and Corrupt Organizations Act. *Id.* ¶¶ 14, 15. Because the court lacks jurisdiction over Plaintiff's patently insubstantial claim, it will *sua sponte* DISMISS the case.[2]

---

[1] The other Defendants are President Donald Trump, D.C. Attorney General Brian Schwalb, two officials in the clerk's office of the U.S. District Court for the District of Massachusetts, and their unknown "agents," who Plaintiff refers to as "Does 1 through 350." Compl. ¶¶ 6–10.

[2] Plaintiff also moves to recuse every judge of the U.S. District Court for the District of Columbia and requests the appointment of "Michelle Obama and/or Barack Obama" to serve "as Pro Tem Judge" for the purpose of deciding his case. Pl.'s Mot. to Recuse, ECF No. 13. A federal judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This circuit applies an 'objective' standard: Recusal is required when 'a reasonable and informed observer would question the judge's

Although "*pro se* complaints are held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 366 (D.D.C. 2020) (quoting *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009)). Federal courts lack subject-matter jurisdiction over any complaint that is "patently insubstantial," such that it "present[s] no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see also Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims . . . if they are . . . wholly insubstantial, obviously frivolous, [or] plainly unsubstantial[.] (cleaned up)). Claims qualify as "patently insubstantial" if they rely on "any bizarre conspiracy theories" or "any sort of supernatural intervention," such that they are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Best*, 39 F.3d at 330–31 (cleaned up).

Plaintiff's claim relies on a bizarre conspiracy theory involving supernatural intervention. He alleges that "a spiritual being" named Satan has "conspired" with an assortment of government officials to steal $1 billion from him and attempt to "Murder" and "Destroy" him. Compl. ¶¶ 5, 12. These unsupported allegations are so "clearly fanciful" that his claim is "absolutely devoid of merit" and therefore insufficient to invoke this court's jurisdiction. *Best*, 39 F.3d at 331 (cleaned up). The court will therefore *sua sponte* dismiss this case.

---

impartiality.'" *SEC v. Loving Spirit Found.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc)). The only claim Plaintiff makes in support of his Motion to Recuse is that "it has become apparent that [the judges of this court] are all idiots and worshippers of Satan." Pl.'s Mot. to Recuse at 2. But Plaintiff cites no evidence for his conclusory assertion and the court is aware of none. Accordingly, a reasonable and informed observer would not question the court's impartiality.

Accordingly, it is hereby **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** for lack of subject-matter jurisdiction and all pending motions are **DENIED**. The Clerk of the Court shall close this case.

**SO ORDERED.**

Date: January 9, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge