## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH D. GILBERTI, JR., )
                                     )
           Plaintiff, )
                                       )
         v. )           Civil Action No. 19-cv-0738 (KBJ)
                                       )
FEDERAL RESERVE SYSTEM, *et al.*, )
                                       )
         Defendants. )
                                       )

## MEMORANDUM OPINION

Pro se plaintiff Joseph D. Gilberti, Jr. has filed the instant complaint against 17 public and private defendants, including the Board of Governors of the Federal Reserve System, Barack Obama, Nancy Pelosi, Mitch McConnell, the Environmental Protection Agency, the Department of the Interior, and the Federal Emergency Management Agency. (Compl., ECF No. 1, at 1.)[1] Gilberti's complaint alleges that Defendants are engaged in a "massive Florida Statewide, US Interstate and Global Elite" conspiracy and are "hiding secret underground critical National Defense and US drinking Water & Energy production Resources, stealing these Resources using the Department of Justice, FBI & CIA employees, Seminole Tribe Casino owners, Power Corps like FPL, Duke Energy with corrupt Florida and US Judge, Lawyers and Police Departments for

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns. In addition to the aforementioned groups and individuals, Gilberti has also named as defendants Mosaic Company, Mosaic Fertilizer, Inc., the Florida Department of Environmental Protection, the Army Corps of Engineers, the Southwest Florida Water Management District, the Peace River Manasota Regional Water Supply Authority, the Hillsborough County State Attorneys Office, Moffit Cancer Centers, Luis Rivera II Trustee, and 72 Partners, LLC. All of the named defendant are collectively referred to as "Defendants" in this Memorandum Opinion.

Foreign and Domestic Terrorist Groups." (*Id.* ¶ 1; *see also id.* ¶ 172 (asserting that "Defendants . . are purposely causing higher cancer rates at the Tap and Bottled water by hiding secret unique underground Rivers of Natural ready to drink and ENDLESS Alkaline spring water"); *id.* ¶ 179 (alleging that Gilberti "was kidnapped by DEFENDANTS approximately 12 days after finding the secret underground Resource and its abilities").)[2] Gilberti asserts claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violation of Florida's Pollutant Discharge Prevention and Control Act, strict liability for abnormally dangerous activity, and nuisance (¶¶ 101–246), and he requests various forms of relief, including "requir[ing] the Federal Reserve IMF Banks and Rothschild World Bank [to] halt all Interest payments of over $600 billion/year to the American tax payer, [and] remove all $22 Trillion in US Debts" (*id.* ¶ 247); "monies . . . to pay for the 300mile Pipeline for THE PEOPLE and the US Military to help install per Gilberti KT Hypothesis and US Infrastructure plan[,]" (*id.* ¶ 249); and that "the homes that were foreclosed by DEFENDANTS across Florida and the United States that would have increased in value if this World Water knowledge was disclosed during 9-11 attacks when DEFENDANTS knew, be returned to families or an equal home in value be provided in value paid for in full (A FREE Home)" (*id.* ¶ 251).

---

[2] The Complaint goes on to allege that Defendants are an

> Enterprise [that] for decades with Moffit Caner Centers, St. Joseph's and Moffit-Research-USF in Tampa and many US and World Universities hid critical US National Defense and an ENDLESS underground Antioxidant Spring Water Resource with NASA and EPA showing critical geological indicators that teach America and other Nations how to find many more in Days, essentially ending World Hunger and many reasons for migration and Wars.

(Compl. ¶ 2.)

2

Because Gilberti's claims are patently insubstantial, this Court concludes *sua sponte* that it lacks subject matter jurisdiction, and the complaint must be **DISMISSED**.

ANALYSIS

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the [plaintiff]." *Id.* (citation omitted). It is also clear that a federal judge may act *sua sponte* to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, *see Hurt v. U.S. Ct. of Appeals for the D.C. Cir.*, 264 F. App'x. 1, 1 (D.C. Cir. 2008), including claims so "patently insubstantial" that no federal question suitable for decision can be discerned. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).

"Patently insubstantial" claims are those that are "essentially fictitious" and "absolutely devoid of merit," including "bizarre conspiracy theories[.]" *Id.* at 330–31 (quotation marks omitted); *see also, e.g.*, *Widtfeldt v. Internal Revenue Serv.*, 317 F. Supp. 3d 281, 283–84 (D.D.C. 2018) (dismissing as patently insubstantial a complaint that made "vague and unsupported allegations of government-created epidemics, 'break-ins,' partisan conspiracies, and bribery"), *aff'd*, No. 18-5242, 2019 WL 479846 (D.C. Cir. Jan. 28, 2019); *Hu v. U.S. Dep't of Def.*, No. 13-5157, 2013 WL 6801189, at *1 (D.C. Cir. Dec. 11, 2013) (finding that district court properly dismissed complaint under Fed. R. Civ. P. 12(b)(1), where "its factual allegations were 'essentially fictitious,' involving a fantastic scenario of a vast government conspiracy to interfere in appellant's daily life"), *cert. denied* 135 S. Ct. 90 (Oct. 6, 2014); *Kaufman v. IRS*, 787

F. Supp. 2d 27, 33 (D.D.C. 2011) (holding that court lacked subject matter jurisdiction over complaint alleging "a wide conspiracy between the IRS and Defendants (many of whom are judges, law enforcement or other government officials. . . ) [to] convert[] Plaintiffs' value sweat equity to private money by secretly issuing and trading bonds and similar private instruments hypothecated against Plaintiffs' future labor for enrichment of Defendants, thereby subjecting Plaintiffs to involuntary servitude" (internal quotation marks omitted)).

In the instant case, given the nature of the claims alleged, Gilberti has failed to meet his burden to establish that this Court has subject matter jurisdiction, even under the "less stringent standards" to which federal courts hold pro se litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The allegations that Gilberti makes—*e.g.*, that Defendants have engaged in a decades long conspiracy to hide an endless supply of underground drinking water for their own monetary benefit (*see, e.g.*, Compl. ¶¶ 99–100)—are clearly of the type that courts routinely dismiss as patently insubstantial under Fed. R. Civ. P. 12(b)(1). *See, e.g., Widtfeldt*, 317 F. Supp. 3d at 283–84; *Hu*, 2013 WL 6801189, at *1; *Kaufman*, 787 F. Supp. 2d at 33. Thus, this Court will dismiss the instant petition for this same reason.

A separate, final Order accompanies this Memorandum Opinion.


DATE: April 29, 2019           *Ketanji Brown Jackson*
                               KETANJI BROWN JACKSON
                               United States District Judge

4