

6/24/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BRANDON MICHAEL JACOBS,    )
   )
       Plaintiff,    )
   )
    v.    )     Civil Action No. 20-1600 (UNA)
   )
   )
UNITED STATES SUPREME COURT    )
*Classified Information Database*,    )
   )
       Defendant.    )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted, and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss a complaint upon determining that it, among other enumerated grounds, is frivolous.

Plaintiff, a District of Columbia resident, has sued "to deploy the United States Centipede. The slots are to be sent into the United States Supreme Court classified information database, for assistance from, Centipede." Compl. at 1. According to plaintiff, "[t]he filing fee for this case will be paid by, Centipede, after the slots are sent for in Centipede." *Id*. Allegedly, plaintiff has "people committing Attempted Suspension Murder that is on me, Brandon Michael Jacobs. These Suspensions are Selfacceptance Suspensions from the Government and include judicial orders for physical execution if not honored, which means Brandon is required to live at Foggy Bottom, in the District of Columbia or be physically executed[.]" *Id*. The pleading continues in this incomprehensible manner.

1

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies this standard and offers no hint of a cure. So, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.


           SIGNED:    EMMET G. SULLIVAN
           UNITED STATES DISTRICT JUDGE

DATE: June 24, 2020