

**FILED**

**FEB. 8, 2022**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARY HARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  22-83 (UNA) |
| | ) | |
| | ) | |
| CITY OF PHILADELPHIA  *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a Complaint and an application to proceed *in forma pauperis*.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint is frivolous or fails to state a claim upon which relief may be granted).

Plaintiff, a resident of Philadelphia, Pennsylvania, has sued the City of Philadelphia, a Philadelphia judge, and two former public officials in Philadelphia.  *See* Compl., ECF No. 1 at 5. She alleges that "the state & federal government wired detected [her] private life" and concludes, among other things, that "the government cannot program a human brain and force a human mind to talk."  *Id*. at 3 (Statement of Claim).  Additionally, Plaintiff seems to allege that the military "detected" her daughter's mind for 20 years and "put her in the hospital 8 times"; arrested her son for a crime he did not commit; and "put" her youngest son in the hospital for ten years.  *Id*.  Plaintiff requests that this Court "order all [listed] defendants to appear and to name all other defendants involved in this conspiracy," and she seeks compensation for herself and her three children totaling $8 billion.  *See id*. (requesting "2 billion dollars for each of one of us").

1

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies this standard and suggests no hint of a cure. Therefore, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

_____/s/_____
RANDOLPH D. MOSS
Date: February 8, 2022                United States District Judge